**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| STEVE V. ANTHONY, | ) | No. ED CV 10-232-CAS (PLA) |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER TO SHOW CAUSE RE: DISMISSAL** |
| v. | ) | **OF SUCCESSIVE PETITION** |
| | ) | |
| GARY SWARTHOUT, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Steve V. Anthony ("petitioner") initiated this action on February 12, 2010, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition").  The instant Petition challenges his 2000 conviction in the San Bernardino County Superior Court in Case No. FV108164.  (Petition at 2).

The Court observes that on September 10, 2003, petitioner filed an earlier habeas petition in this Court, Case No. ED CV 03-1034-LGB (PLA), which also challenged his 2000 conviction. The 2003 petition was dismissed on the merits with prejudice pursuant to the Judgment entered on June 8, 2004.

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition.  Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S.Ct. 1793 (2003).  The Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

In his 2003 federal habeas challenge, petitioner raised the following claims: (1) the trial court abused its discretion by denying petitioner's motion for a continuance; (2) petitioner's sentence violates the Eighth Amendment's proscription against cruel and unusual punishment and petitioner's sentence is disproportionate to the crime for which he was convicted; and (3) the trial court violated petitioner's right to a fair trial when it instructed the jury with CALJIC No. 17.41.1. (See Report and Recommendation, issued on March 23, 2004, at p. 4).  As mentioned above, the action was dismissed on the merits and with prejudice. (See Order Adopting Magistrate Judge's Report and Recommendation and Judgment, both entered on June 8, 2004).

In the instant Petition, petitioner sets forth new claims -- i.e., the trial court's findings that petitioner's prior conviction was a "strike" was erroneous in light of petitioner's plea agreement in the prior case; the use of petitioner's prior conviction violated his constitutional rights; and petitioner received ineffective assistance of counsel -- that were not presented in the earlier federal habeas action. (See Petition at 5-6).  However, although petitioner presents new claims in the instant Petition, he nevertheless is required to seek authorization from the Ninth Circuit before

1  filing a successive petition.  28 U.S.C. § 2244(b)(3)(A).  There is no indication that petitioner has

2  obtained such permission from the Ninth Circuit.  See Burton v. Stewart, 549 U.S. 147, 153, 127

3  S.Ct. 793, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the

4  Court of Appeals before filing a second habeas petition).  It therefore appears that the Court is

5  without jurisdiction to entertain the current Petition under 28 U.S.C. § 2244(b).  See id.; Cooper,

6  274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of

7  proper authorization from the court of appeals, consider a second or successive habeas

8  application.'").

9  Accordingly, petitioner is **ordered to show cause** why the instant Petition should not be

10  dismissed as successive.  Specifically, petitioner must submit to the Court **on or before March**

11  **10, 2010**, documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed

12  a motion in the Ninth Circuit for an order authorizing the district court to consider a successive

13  petition, and that the Ninth Circuit issued such an order.  **Failure to respond by March 10, 2010,**

14  **will result in the Court issuing a recommendation that the instant Petition be dismissed**

15  **without prejudice.**[1]  See Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003)

16  (dismissing successive petition without prejudice to petitioner's right to seek authorization from the

17  Ninth Circuit).

18

19  DATED:  February 17, 2010

20  _____
                    PAUL L. ABRAMS
                    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

_____

25    [1]    In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), he is
advised that if he wishes to make a successive habeas application, he must file a "Motion for
26  Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C.
§ 2244(b)(3)(A)" directly with the Ninth Circuit.  Until the Ninth Circuit issues such an order, any
27  direct or implied request for a second or successive petition for writ of habeas corpus is barred by
§ 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from
28  the Ninth Circuit to file the petition.