# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| STEVE V. ANTHONY,<br><br>   Petitioner,<br><br>  v.<br><br>GARY SWARTHOUT,<br><br>   Respondent. | No. ED CV 10-232-CAS (PLA)<br><br>**ORDER DISMISSING PETITION AS SUCCESSIVE** |

  On February 12, 2010, Steve V. Anthony ("petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). The instant Petition challenges his 2000 conviction in the San Bernardino County Superior Court in Case No. FV108164. (Petition at 2). On September 10, 2003, petitioner filed an earlier habeas petition in this Court, Case No. ED CV 03-1034-LGB (PLA), which also challenged his 2000 conviction. The 2003 petition was dismissed on the merits with prejudice pursuant to the Judgment entered on June 8, 2004.

  On February 17, 2010, the Magistrate Judge issued an Order to Show Cause Re: Dismissal of Successive Petition, ordering petitioner to show cause no later than March 10, 2010, why the

Petition should not be dismissed as successive.[1]  Petitioner did not file a response to the Magistrate Judge's February 17, 2010, Order.

**DISCUSSION**

The Petition was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA").  Pub. L. No. 104-132, 110 Stat. 1214 (1996).  Therefore, the Court applies the AEDPA in its review of this action.  See Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition.  Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S. Ct. 1793 (2003).  A second or subsequent petition for habeas corpus is not considered "successive" if the initial or prior petition was dismissed on a technical or procedural ground rather than on the merits.  See Slack v. McDaniel, 529 U.S. 473, 485-87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (holding that dismissal for failure to exhaust state remedies is not an adjudication on the merits).  The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable

---

[1] In the February 17, 2010, Order to Show Cause, the Magistrate Judge also advised petitioner that if he wished to file a successive habeas application, he was required to file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit. The Magistrate Judge further advised petitioner that until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed without prejudice.

>>factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

In his 2003 federal habeas challenge, petitioner raised the following claims: (1) the trial court abused its discretion by denying petitioner's motion for a continuance; (2) petitioner's sentence violates the Eighth Amendment's proscription against cruel and unusual punishment and petitioner's sentence is disproportionate to the crime for which he was convicted; and (3) the trial court violated petitioner's right to a fair trial when it instructed the jury with CALJIC No. 17.41.1. (See Report and Recommendation in Case No. ED CV 03-1034-LGB (PLA), issued on March 23, 2004, at p. 4). As mentioned above, the action was dismissed on the merits and with prejudice. (See Order Adopting Magistrate Judge's Report and Recommendation and Judgment, both entered on June 8, 2004).

In the instant Petition, petitioner sets forth three claims, which were not presented in his 2003 federal habeas action. (See Petition at 5-6). Specifically, petitioner claims: (1) the trial court's finding that petitioner's prior conviction was a "strike" was erroneous in light of petitioner's plea agreement in the prior case; (2) the trial court's use of petitioner's prior conviction violated his constitutional rights; and (3) petitioner received ineffective assistance of trial counsel. (Petition at 5-6).

Even if petitioner's claim in the instant Petition satisfied 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). There is no indication in the instant Petition, or in the overall record, that petitioner has obtained such authorization from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 127 S. Ct. 793, 796, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition).

In the February 17, 2010, Order to Show Cause Re: Dismissal of Successive Petition, the Magistrate Judge advised petitioner that a review of his Petition indicated that it was successive,

and he was ordered to show cause why his Petition should not be dismissed on that basis. Petitioner was advised that unless he submitted documentation to the Court on or before March 10, 2010, showing that he filed a motion in the Ninth Circuit for an order authorizing the District Court to consider a successive petition **and that the Ninth Circuit issued such an order**, the Petition would be dismissed without prejudice.

Here, petitioner did not respond to the Court's February 17, 2010, Order, and has not presented any documentation showing that the Ninth Circuit issued an order authorizing the District Court to consider a successive petition. As such, the Court concludes that it is without jurisdiction to entertain the Petition under 28 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, the Court finds that dismissal of the instant Petition is appropriate as it is successive, and petitioner has not provided any documentation to this Court showing that he received authorization from the Ninth Circuit to file a successive petition.

## ORDER

It is hereby **ORDERED** that judgment be entered dismissing the Petition without prejudice as successive.

DATED: March 25, 2010

*/s/ Christina A. Snyder*
HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

*/s/ Paul L. Abrams*

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE